# Exhibit A

# Exhibit A



Heavy Insertion Order

Heavy Account Contact: Simon Assaad | simon@heavy.com
Heavy Finance Contact: Mike Donn | finance@heavy.com
Agency: SNT Media
Agency Contact: Matt Baker | Account & John Miller | CRO
City/State/ZIP: Wichita, KS
Phone, Fax, Email: 316.871.2910 | matt.baker@sntmedia.com | miller@sntmedia.com
Finance Contact: michael@sntmedia.com

Date: 12/17/2015

Campaign Details:

- Q1 2016 IO
- Flight Start date: 1/1/2016
- Flight End Date: 3/31/2016
- Inventory – Tablet & Desktop 300x600 & 970x250
- Geo Targeting - USA/UK/Canada
- Number of Impressions: 120M Impressions
- $6.00 CPM USD
- 90 day non-cancellable IO
- Payment based on Heavy DFP Reporting
- Heavy to provide SNT with DFP Reporting
- Total IO USD $720,000.00
- Payment Terms: Net 15 Days every 15 days.

Your signature below indicates your agreement to the above advertising insertion order and with Heavy's Standard Terms and Conditions below.

Agreed and Accepted:

Simon Assaad, Heavy

Date: _____

Agreed and Accepted:

John Miller, SNT Media

Date: 12.15.15

Standard Terms and Conditions

HEAVY INC. ("Heavy"), a Delaware corporation, having its principal place of business at 330 West 38th Street, suite 302, New York, NY 10018, has entered into an agreement for on-line service comprised of content advertising (the "Agreement") with Agency or Advertiser ("Agency" or "Advertiser") delivered on Heavy.com (the "Site"), in accordance with the terms of this Insertion Order ("IO") and the subsequent terms and conditions ("Terms and Conditions").

1) Acceptance of Terms, Revisions and Inventory Availability.
   a. Acceptance of the IO and these Terms and Conditions will be made upon the earlier of (a) written (paper, fax, or e-mail communication) approval of the IO by Heavy and Agency/Advertiser; or (b) the display of the first advertisement impression ("Ad") by Heavy, unless otherwise agreed upon in the IO. Notwithstanding the foregoing, modifications to the originally submitted IO will not be binding unless signed by both parties.
2) Payment and Fees.
   a. All payments must be made to Heavy Inc. within by wire to its bank, JP Morgan Chase Bank, 1411 Broadway, New York, NY 10018, account # 882872971, routing # 021000021.
   b. Agency will make available to Heavy upon request written confirmation of the relationship between Agency and Advertiser.
3) Indemnification.
   a. Advertiser and Agency each jointly and severally assume all liability for all content of advertising materials submitted hereunder and Advertiser and Agency each jointly and severally agree to indemnify, save and hold Heavy Inc. and each of their licensees, related parties, shareholders, directors, officers, agents and employees, harmless against any and all claims, actions, liabilities, losses, damages, costs and expenses (including, without limitation, reasonable attorney's fees and expenses) (collectively "Losses") arising out of the distribution, transmission or publication by Heavy Inc. of (i) any and all Advertising Materials provided in connection with this Agreement; (ii) arising out of a breach of any of the representations or warranties contained herein; (iii) any failure by Advertiser and/or Agency to fulfill any of its obligations hereunder; or any Losses incurred as a result of a Third Party claim (as defined below), violation of Policies, or the content or subject matter of any Ad or Advertising Materials to the extent used by Heavy in accordance with these Terms and Conditions or an IO, including but not limited to, allegations that such content or subject matter violate the right of a Third Party, are defamatory or obscene, or violate any law, regulations or other



judicial or administrative action. A "Third Party" means an entity other than the parties to this Agreement, their respective Affiliates, and each of their respective directors, officers, employees, and agents.

b. Agency represents and warrants that it has the authority as agent to Advertiser to bind Advertiser to these Terms and Conditions and each IO. Agency agrees to defend, indemnify and hold harmless Heavy, its Affiliates and their respective directors, officers, employees and agents from any and all Losses incurred as a result of Agency's alleged breach of the foregoing sentence.

c. If any action will be brought against Heavy ("Indemnified Party") in respect to any allegation for which indemnity may be sought from the Agency/Advertiser ("Indemnifying Party"), Heavy will promptly notify the Indemnifying Party of any such claim of which it becomes aware and will: (i) provide reasonable cooperation to the Indemnifying Party at the Indemnifying Party's expense in connection with the defense or settlement of any such claim; and (ii) be entitled to participate at its own expense in the defense of any such claim. Heavy agrees that the Indemnifying Party will have sole and exclusive control over the defense and settlement of any such Third Party claim. However, the Indemnifying Party will not acquiesce to any judgment or enter into any settlement that adversely affects Heavy's rights or interests without the prior written consent of Heavy.

d. Notwithstanding the foregoing, in the event that any Indemnifying Party is required to defend, indemnify or hold harmless Heavy from a claim, judgment or proceeding of a Related Party (as defined below) of Heavy pursuant to this Section 9, Losses incurred in connection with such claim, judgment or proceeding will be limited to those that are reasonably foreseeable. A "Related Party" is a party in a contractual relationship with Heavy where such specific contractual relationship relates to the Loss being asserted by that Related Party.

4) Non-Disclosure, Data Ownership, Privacy and Laws.

a. Any marked confidential information and proprietary data provided by one party, including the Ad description, and the pricing of the Ad, set forth in the IO, shall be deemed "Confidential Information" of the disclosing party. Confidential Information shall also include information provided by one party, which under the circumstances surrounding the disclosure would be reasonably deemed confidential or proprietary. Confidential Information shall not be released by the receiving party to anyone except an employee, or agent who has a need to know same, and who is bound by confidentiality obligations. Neither party will use any portion of Confidential Information provided by the other party hereunder for any purpose other than those provided for under this Agreement.

b. For purposes of this Section, Agency and Advertiser shall be considered one party. Notwithstanding anything contained herein to the contrary, the term "Confidential Information" shall not include information which: (i) was previously known to a party; (ii) was or becomes generally available to the public through no fault of the receiving party ("Recipient"); (iii) was rightfully in Recipient's possession free of any obligation of confidence at, or subsequent to, the time it was communicated to Recipient by the disclosing party ("Discloser"); (iv) was developed by employees or agents of Recipient independently of and without reference to any information communicated to Recipient by Discloser; or (v) was communicated by Discloser to an unaffiliated third party free of any obligation of confidence. Notwithstanding the foregoing, either party may disclose Confidential Information in response to a valid order by a court or other governmental body, as otherwise required by law or the rules of any applicable securities exchange or as necessary to establish the rights of either party under this Agreement; provided, however, that both parties will stipulate to any orders necessary to protect said information from public disclosure.

c. All personally identifiable information provided by individual web users who are informed that such information is being gathered solely on behalf of Advertiser pursuant to the Advertiser's posted privacy policy, is the property of Advertiser, is subject to the Advertiser's posted privacy policy, and is considered Confidential Information. Any other use of such information must be set forth in the IO signed by both parties

d. Agency, Advertiser, and Heavy will comply with at all times, all applicable federal, state and local law, ordinances, regulations and codes which are relevant to their performance of their respective obligations under this Agreement.

5) Miscellaneous.

a. This Agreement shall be governed by the laws of the State of New York without regard to principles of conflicts of law. All disputes arising out of or relating to this agreement shall be adjudicated in Federal or State court in the City and County of New York, and the parties consent to the jurisdiction of such courts.

b. This Agreement, consisting of these Terms and Conditions and the related IO, constitutes the entire agreement between the parties regarding the subject matter hereof and supersedes in their entirety all prior written or oral negotiations, understandings and agreements between the parties. This Agreement may not be changed in any way unless such changes are in writing signed by the parties to this Agreement.

c. In the event of any inconsistency between the terms of an IO and these Terms and Conditions, the terms of the IO shall prevail. If any provision herein is held to be unenforceable, the remaining provisions shall remain in full force and effect. All rights and remedies hereunder are cumulative.

d. In the event of termination with or without cause, Advertiser and Agency shall pay Heavy Inc. all fees for the media buy on a pro-rata basis.

e. Sections 3, 5, 8, 9, 10, 11 and 12 of this Agreement shall survive the expiration or any termination of this Agreement.

f. Any notice required to be delivered hereunder shall be delivered three days after deposit in U.S. mail, return receipt requested, one business day if sent by overnight courier service, and immediately if sent electronically or by fax. All notices to Heavy and Agency/Advertiser shall be sent to the contact as noted in the IO with a copy to the Legal Department.

g. These Terms and Conditions are a supplement to and made a part of Heavy Inc.'s Insertion Order. Signatures on the Insertion Order fully accept all terms stated herein.